
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDALENA A. APOSTOLOVA and EMIL MILYAKOV, <br><br>       Plaintiffs - Appellants, <br><br> v. <br><br> JPMORGAN CHASE BANK; et al., <br><br>       Defendants - Appellees. | No. 12-15644 <br><br> D.C. No. 3:11-cv-02066-WHA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 7, 2013[**]
San Francisco, California

Before: FARRIS, BLACK[***], and IKUTA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Emil Milyakov appeals from the district court's order (1) dismissing Milyakov's claim for slander of title, injunctive relief, and violation of California Civil Code section 2923.5 and California Business and Professional Code section 17200, and (2) granting summary judgment in favor of JP Morgan on Milyakov's claim of unjust enrichment. We have jurisdiction under 28 U.S.C. § 1291.

The district court erred by taking judicial notice of seven documents submitted by JP Morgan. These documents were not matters of general knowledge. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011). Moreover, the contents of the documents were disputed by Milyakov, and thus did not meet the Rule 201(b) standard allowing courts to "judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b)

Any error, however, was harmless. The district court could properly consider the six documents referenced in or attached to Milyakov's complaints, because the complaints relied on the documents and the documents' authenticity was not in question. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Further, the district court could consider the purchase and assumption agreement under Rule 12(d) of the Federal Rules of Civil Procedure, because Milyakov had "a reasonable opportunity" to oppose the court's consideration of this document prior to the March 15, 2012 Order granting summary judgment in favor of JP Morgan.

2

AFFIRMED.